IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Quatavious Bivens, ) | |
| ) | Civil Action No. 9:22-cv-04393-SAL-MHC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Lt. Borum, Sgt. Freeman, Bryan Stirling, ) | **ORDER** |
| Nurse K. Burgess, Nurse A. Enloe, ) | |
| Nurse Green, and Nurse Courtney Oles, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action alleging violations of his constitutional rights. Before the Court is Plaintiff's Motion to Compel. ECF No. 42. Defendants filed a Response in Opposition to Plaintiff's Motion. ECF No. 43. Plaintiff filed a Reply. ECF No. 50. The Motion is ripe for review. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

**Factual Background**

In his Complaint (ECF No. 1), Plaintiff, an inmate currently housed at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC), alleges claims for cruel and unusual punishment and deliberate indifference to medical needs. ECF No. 1 at 4. The claims are based upon his allegation that "2 officers intentionally cuffed [him] in a very uncomfortable way . . . pinched a nerve and had [him] ride 2 ½ hours like that" while he was being transported to a crisis unit. ECF No. 1 at 5.

1

## Legal Standard and Relevant Rules

"Discovery under the Federal Rules of Civil Procedure is broad in scope and freely permitted." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

A party seeking discovery may move for an order compelling an answer or production if a party fails to answer an interrogatory submitted under Rule 33 or fails to produce documents, as requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Federal district courts are vested with broad discretion in resolving discovery disputes and deciding whether to grant or deny a motion to compel. *Erdmann v. Preferred Research, Inc. of Ga.*, 852 F.2d 788, 792 (4th Cir. 1988); *see Columbus–Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 56 F.3d 556, 568 n.16 (4th Cir. 1995) ("The scope and conduct of discovery are within the sound discretion of the district court.").

## Discussion

Plaintiff seeks to review SCDC Policy OP.22.10 "Transportation of Inmates Outside the Institution" ("the Policy") for 4 to 6 hours. ECF No. 42 at 1. He contends that the policy "will show Plaintiff if what Defendants is saying about the way [Plaintiff] was handcuffed is within policy or not." *Id.*

In response to Plaintiff's discovery request to review the Policy, Defendants objected on the basis that the Policy is restricted, and inmates are prohibited from having copies or access to

restricted policies. In their Response to Plaintiff's Motion, Defendants further explained that the Policy does not address how "tight" restraints can be applied, providing an affidavit from the Director of the Division of Security. ECF Nos. 46, 46-1.

In his Reply, Plaintiff argues that he is not focusing on the "tightness" of the handcuffs but the way or position he was handcuffed. ECF No. 50. Plaintiff contends the unnecessary way in which he was positioned is what damaged his nerve. *Id.*

As an initial matter, the Policy Plaintiff seeks to review pertains to general transportation outside the facility, as opposed to the method of restraining an inmate. ECF No. 46-1. As such, it appears the Policy is not relevant to Plaintiff's claims in this case. *See* Fed. R. Civ. P. 26(b)(1). Regardless, however, the court can limit discovery when the burden of the discovery would outweigh the benefits. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Moreover, this court has repeatedly denied motions to compel production of SCDC restricted policies to inmates, where those policies, as here, are unrelated to the use of force.[1] *See, e.g.*, *Scarpo v. Patterson*, C/A No. 1:22-2805-SAL-SVH, 2023 WL 2047498, at *2 (D.S.C. Feb. 16, 2023); *Brown v. Eagleton*, C/A No. 4:14-CV-0357-BHH-TER, 2015 WL 5781376, at *5–6 (D.S.C. Mar. 30, 2015), *report and recommendation adopted*, C/A No. 4:14-0357-BHH, 2015 WL 5781504 (D.S.C. Sept. 30, 2015); *Dawson v. Bush*, C/A No. 4:13-2236-DCN-TER, 2014 WL 3349835, at *3 (D.S.C. July 9, 2014) ("Plaintiff fails to make a showing of any need in this case for such policies that would outweigh the security interests of the SCDC institution."); *Goins v. Pearson*, C/A No. 4:12-CV-3494-RMG, 2014 WL 869469, at *2 (D.S.C. Mar. 5, 2014); *but see Goins v. Horne*, C/A No. 4:13-1269-RMG-TER, 2014 WL 2988378, at *2 (D.S.C. July 2, 2014).

---

[1] As stated by the Fourth Circuit, "relevant use-of-force policies routinely are considered in excessive-force litigation, including litigation that arises in the prison context." *Brooks v. Johnson*, 924 F.3d 104, 122 (4th Cir. 2019).

3

Here, as explained by the SCDC Security Director, the purpose of the Policy is to define and establish guidelines regarding the transportation of inmates outside SCDC institutions to protect the safety, security and order of the public, staff, inmates, and others. ECF No. 46 at ¶ 4. When authorized, trained staff members will use only the minimum mechanical security restraints and/or minimum reasonable force necessary to gain control of an inmate, to protect the safety of the public, staff, inmates, and others and to ensure security and good order. *Id.* at ¶ 5. Providing the information contained in the Policy to inmates would jeopardize the safety and welfare of every employee within SCDC institutions. *Id.* at ¶ 6. This policy identifies the minutest specifics as to methods and procedures used to transport inmates outside of SCDC institutions. *Id.* The Policy addresses searches of inmates and restraints for all custody levels but does not address the tightness of handcuffs. *Id.* at ¶ 7. The Policy also addresses the transportation of inmates, which is considered a high-security-risk opportunity for inmates to escape and put the public at risk. *Id.* at ¶ 8.

Under these circumstances, based on the arguments and the record before the Court, the burden of the discovery sought by Plaintiff would outweigh the benefits. See Fed. R. Civ. P. 26(b)(2)(C)(iii). Accordingly, Plaintiff's Motion is denied. *See Scarpo*, 2023 WL 2047498, at *2.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel (ECF No. 42) is **DENIED**.

**IT IS SO ORDERED.**

_____
Molly H. Cherry
United States Magistrate Judge

August 22, 2023
Charleston, South Carolina

4